UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.         )<br>)<br>BINTU TOURE,         )<br>         Defendant,  )<br>_____) | Criminal No. 19-10369-MLW |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOLF, S.D.J.**

WHEREAS, on September 27, 2019, the United States Attorney for the District of Massachusetts filed a two-count Information, charging Bintu Toure, (the "Defendant"), with Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count One) and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Information included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Information, of any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited included, but was not limited to, $629,118, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 11, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on September 18, 2019. Docket No. 6;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit $629,118, to be entered in the form of an Order of Forfeiture (Money Judgment) on the grounds that such amount is equal to the amount of money involved in Defendant's offense;

WHEREAS, $76,673.75 that had been frozen by TD Bank was returned to Victim Company A from one of the fraudulent accounts, and the government now seeks a forfeiture money judgment in the amount of $552,445[1];

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on January 11, 2021, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $552,445, pursuant to 18 U.S.C. § 982(a)(1); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $552,445, pursuant to 18 U.S.C. § 982(a)(1).

---

[1] As set forth in the Pre-Sentence Report, the total amount of funds wired into bank accounts controlled by the Defendant was $629,118.92, and $76,673.75 was returned, leaving $552,445.17.

2

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. 982(b), conduct discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: April 16, 2021

MARK L. WOLF
Senior United States District Judge